**WELLS AND WELLS, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 57 C 59(2).**

United States District Court
E. D. Missouri, E. D.
July 18, 1958.

No. V–50920–1, being a contract for the conversion of the Veterans Administration Building located at Jefferson Barracks, Missouri. The four counts in the complaint concern extra compensation for mistakes in government plans, extra compensation for form work and reinforcing steel and concrete walls, extra time, and for liquidated damages. The Construction Contract Appeals Board of the Veterans Administration has allowed certain extra time and compensation, which plaintiff alleges is insufficient. It is the plaintiff's contention that the four decisions of the Construction Contract Appeals Board of the Veterans Administration were arbitrary and capricious.

The statute governing the finality of a reviewing board's decision on a contract entered into by the United States is Section 321 of Title 41 U.S.C.A., which reads as follows:

"No provision of any contract entered into by the United States, relating to the finality or conclusiveness of any decision of the head of any department or agency or his duly authorized representative or board in a dispute involving a question arising under such contract, shall be pleaded in any suit now filed or to be filed as limiting judicial review of any such decision to cases where fraud by such official or his said representative or board is alleged: *Provided, however*, That any such decision shall be final and conclusive unless the same is fraudulent or capricious or arbitrary or so grossly erroneous as necessary to imply bad faith, or is not supported by substantial evidence."

The defendant moved for summary judgment on the grounds that the findings are conclusive since they are supported by substantial evidence and because they are neither fraudulent, capricious, arbitrary or grossly erroneous.

The plaintiff contends that the findings cannot be conclusive as being supported by substantial evidence for the reason that no evidence was presented to the Administrative Board.

Claude I. Bakewell, St. Louis, Mo., for plaintiff.

W. Francis Murrell, Asst. U. S. Atty., St. Louis, Mo., for defendant.

HARPER, District Judge.

The plaintiff brought this action in four counts to recover under Contract

**28**

There is no claim of fraud made, so the question before the court is whether the administrative findings are supported by substantial evidence. "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, loc. cit. 229, 59 S.Ct. 206, loc. cit. 217, 83 L.Ed. 126.

 An examination of the files containing the true and correct copies of the papers constituting the appeals in each of the four cases leaves the court of the opinion that the decision of the Construction Contract Appeals Board in each instance must be left undisturbed. While the plaintiff contends that no evidence was presented it must refer to the presence of witnesses who testified. There is ample evidence in each of these files supporting the Board's decision in each instance. Congress did not give the courts authority to try "de novo" plaintiff's claim, but rather vested the courts with power to review the administrative rulings and the findings and conclusions of the administrative body, and such rulings are only to be altered by the courts in those instances where there is no substantial evidence to support the ruling.

 The decision reached by the Board in each of the four appeals is one which legally and logically might be concluded from the record before the court. The law is well settled that a court cannot substitute its own judgment for that of the administrative body. Swayne & Hoyt, Ltd. v. U. S., 300 U.S. 297, 57 S.Ct. 478, 81 L.Ed. 659. Since a review of the records show that proper administrative consideration was granted to the plaintiff, that substantial evidence supports the administrative findings and conclusions, and that its findings were neither arbitrary nor capricious, the ruling of the administrative body must be affirmed.

Accordingly, defendant's motion for summary judgment will be granted.